Good morning. Our first case for today is 2016-2371 AIP Acquisition v. Cisco. Is it Villegas? Please proceed. May it please this Honorable Court, good morning. I'm Francisco Villegas, Counsel for AIP Acquisition. This morning, my colleagues are with me, Chi Eng and Elizabeth Bernard. When you get comfortable, Counsel, will you speak up a little? Oh, I'm sorry. Thank you. This case is about three things. The meaning of Internet Protocol, the meaning of conversion, and whether those two key terms are present in the prior record evidence. I'd like to begin with the meaning of Internet Protocol, one of the two important claim construction terms in this particular case. And the claim language and the specification show that Internet Protocol only has one meaning, and that meaning is the IP of TCP. Your specification doesn't even use the word Internet Protocol, does it? It says Internet Program, right? Your Honor, you're correct that it says Internet Program. That's a typographical error. It means should read Internet Protocol. Has everybody in the case agreed that's a typographical error? I believe so. The PTAB said so much. I do not believe that Cisco disagrees. Cisco can answer that for themselves. Do you have an appendix site for where the PTO said that it was a typographical error? I can get that for you in a moment, Your Honor. And let me follow up on your question a little more. You're correct that the term Internet Protocol is not specifically defined in the patent. There is no language in the patent that says Internet Protocol means the IPv4 or something to that extent. However, that doesn't mean that Internet Protocol is not defined in the totality of the patent. So, for example, first there's one Internet Protocol. There's not multiple Internet Protocols. And we see that, for example, in the claim language. The claim language is specific in that, if I may, Claim 1 says performing a first conversion, converting the transmission from a first format to a second format, the second format being Internet Protocol. And Claim 16 says it is Internet Protocol. It's important to realize that the claim language itself doesn't say an Internet Protocol or such as an Internet Protocol comprising an Internet Protocol or any other number of open-ended transitions. Do I understand correctly, though, that there are different kinds of Internet Protocols? For example, one of the prior references refers to ST, I believe, as being an Internet Protocol, right? You're correct, Your Honor, that there are other protocols, and they are called Internet Protocol. However, the patent describes only one Internet Protocol, and that's IP of TCP IP. My problem is, going back to my first question, that it actually says it doesn't say Internet Protocol. It says Internet Program, which I just find a little confusing, and it seems to undermine your position here today. I will get you that citation in a moment. We're looking for it, Your Honor. Let me proceed, assuming that I gave you that. Giving you the benefit of the clarification, Internet Protocol is what was intended. You seem to emphasize the importance of the fact that in Claim 1, Internet is a small I, right? Well, our position is that the capitalization of Internet Protocol, whether it's Internet Protocol lowercase i, lowercase p, or Internet Protocol capital I, capital P, does not matter. It's still only one Internet Protocol. And if I may, that distinction, or that lack of... But the capitalization doesn't matter, is that what you're saying? Correct, Your Honor, because... Your assumption, or your argument, is everywhere it's used, it means Internet Protocol 4, or whatever. IPv4, correct, Your Honor. That is further explained when we look at the conversion and the sending steps. Because our position is that you can't look at Internet Protocol in a vacuum. You just can't say, well, what does Internet Protocol mean? Well, there's no specific definition, which is correct. But when you look at how it's used in the conversion and sending steps, and you look at how the specification uses them, you begin to see that there cannot be multiple protocols, because there is only one. CISCO has never pointed to any other protocol in the patent other than the IPFTC PIP. When we look at the conversion, that's important, because Figure 8, which shows what the conversion mechanism is for this patent, shows what are called converters. These are the converters that take, let's say, a voice telephone call and convert it into data. And there's a variety of converters, I believe it's A through F. And those converters link to a variety of networks. You have ATM, frame relay, telephone systems, and also Internet. So we do have multiple networks. When you look at the network protocol that is used for the Internet network in that conversion diagram, you only see one. You see TCPIP. You don't see any other networks, or you don't see any other protocols. You don't see IPV5. You don't see any number of the other protocols that could exist. You only see one. You only see TCPIP. Looking at Figure 2, which is the sending step, you see there's three blocks in that figure. And those blocks have a telephone server, an Internet server, and those are networked using TCPIP. And you see those blocks, which are the nodes, those are interconnected using the Internet backbone. So there's some case law about claim construction that talks about how you should not read a preferred embodiment from the specification into the claims. Yes, ma'am. And then there's other cases that talk about how we should use the specification to interpret the claims. So can you explain why this is in a situation where you're trying to read a preferred embodiment into the claims? I'm glad you asked that, yes. In this instance, we have claim language that says being Internet protocol and is Internet protocol. I don't think there's any ambiguity there that is referring to a single protocol. Now, there is the capitalization issue, and I'll get to that in a moment. But then you look at the specification, and the specification describes a single Internet protocol, TCPIP. So here we have a situation where we have a single term, Internet protocol, and we have a single disclosure in the specification, which is IP of TCPIP. I'm not trying, or we are not trying, to take a broad term in the claims and say, no, no, no, we actually want to limit it to a narrower embodiment in the specification. That's exactly what you're trying to do. Well, there's nothing to narrow because we only have one Internet protocol disclosed. Now, let me give you, I think this is a good point. I have a problem with your case, and my problem with your case is this. You had an opportunity when you wrote this claim, these claims, and when you wrote this patent to define your key term. You didn't. Nowhere in your written description or anywhere in the patent is there a simple definition of this key term. Why could that possibly be? If it was so important to make it clear what Internet protocol you were talking about, why wouldn't you have defined it in one sentence? Your Honor, when the patent was written, and at the time of the invention, which is 1995, the term Internet protocol would have been a term that was well known in the art. And the reason I say that is because when you look at what is the art in 1995, the key piece of art at that time was the specification that created Internet protocol, which is what we've referenced to as RFC 791. That's the standard that created IP and IPv4. And in fact, Cisco's own expert has said that at the time of the invention in 1995, the standard for IP was IPv4. And that particular document shows that the term Internet protocol, all capitals, the Internet protocol, capital I, capital P, the Internet protocol, lowercase I, lowercase P, and the elusive Internet protocol, capital I, lowercase P, all mean the same thing, which is IPv4. What about the RFC 1190, which expressly states that ST is an Internet protocol? And that's prior art, right? Yes, Your Honor, it says that. I have two responses to that. ST was never adopted as an official protocol. It was always experimental. But even if it was an official protocol, even if it became IPv5... I think my point is this, is that how do I know that Internet protocol is referring to the Internet protocol of TCP IP as opposed to something else when there's other things like ST which are referred to as Internet protocol? If I may, I'd like to answer just real quick your question about the typographical error. The citation, Your Honor, is in our reply brief at page 30, where we address the typographical error. To your question, the reason we know that there is only one Internet protocol in the patent, and it doesn't bring in other Internet protocols, such as, for example, IPv5, which is the RFC 1190, which Your Honor is talking about, is that in addition to what I talked about, which is the claim language, the conversion, and the sending step, we also have an additional piece of evidence from the patent. And this has been quoted a lot, and I'm sorry if I'm going to reread it again, but it says, the Internet network differs from frame relay switching and asynchronous transfer mode by using transmission control protocol, Internet protocol, comma, which is a set of protocols developed by the Department of Defense to link to similar computers across a variety of other networks and protocols. That defines in the patent that when Internet is used here in the 247, it is using TCPIP. And then back to the transmission step, remember I said that the transmission step is sending to the Internet, which goes back into the conversion step, which the conversion step, if you remember, I pointed out that the converter is sending it to the Internet, and that the converter is only using TCPIP. So by working backwards, you see that the Internet can only be TCPIP, the transmission steps are on the Internet, and that the conversion made to the Internet is using only TCPIP. Before you sit down, I'd like you to tell me what on page 30 you think identifies where the PTO agreed that your use of the word program in the specification was simply a typographical error. You told... Oh, I'm sorry. Excuse me. That's the typographical error. It's on our reply brief at 9 and 30 and 31. I'm on page 30 and 31. So show me where this articulates that the PTO held that your use of the word program was a typographical error and it was meant to be protocol. The citation is to APPX 525 at lines 11 through 17. 525. You're saying lines 11 through what? 11 through 17. Line 11 says, I'm sorry, Judge, I couldn't hear a few words. Pardon me, your last few words were dropped? I don't understand how that is relevant to whether or not the PTO made a determination that your... Unless I'm missing something. You just said JA525? Am I on the right page? Yes, Your Honor. Your Honor, I'm looking... Why don't you come up on rebuttal and be prepared to address the question? May I ask one more question while we still have the gentleman in front of us? On page 4 of your blue brief, do you have your blue brief handy? Turn to page 4. Right in the middle of the page, you start the paragraph with the PTAB further erred in finding obviousness because substantial evidence supported the contrary result. I don't even understand that point. What happens if substantial evidence supports both results? Is that possible? Yes, Your Honor. So that sentence really doesn't help you because it may be true that substantial evidence supports your result, but it may be also true that substantial evidence supports their result. How does that undercut our duty to uphold the PTAB if substantial evidence supports them? Your Honor, if substantial evidence supports the PTAB... If substantial evidence supports the PTAB and it also supports your position, so what? The fact that it supports your position I don't think helps you. Does it? What am I missing? Why do you make that point as if it's meaningful? I think what we meant to say here is that there is a distinction in the kinds of issues that were in front of the PTAB. There is the factual issues where substantial evidence is standard, and so in a situation like Your Honor pointed out where you have substantial evidence that would support both positions, the additional factor which would tip in our favor in such a situation is if one of the legal issues came in our favor. So, for example... Well, substantial evidence doesn't support a legal issue. A legal issue is a question of law. In a situation where, for example, the claim construction... For example, if conversion were construed not to include the encapsulation step, for example. Could you have two conversions under that patent? Could there be two conversions? A conversion from the telephonic protocol to an interim protocol and then to your IP4 protocol for transmission over the Internet? Is that possible under your patent? Maybe. Maybe. Maybe. That's an answer. Maybe full conversions, multiple conversions would be plausible, but not encapsulation because that's different. Okay, thank you. Okay. Hearing from the closing counsel, Mr. Foster. Good morning. Thank you, Your Honors. May it please the Court. With me at counsel table is my colleague, Dave McCombs. We're here on behalf of Cisco. There are just a couple points that I'd like to respond to from the patent owner's presentation. Mr. Villegas indicated that he said there is only one Internet protocol, but Judge Stoll, as you were indicating, there is evidence in the record such as at Appendix Page 1634 and at Page 1700, both of which refer to the ST protocol as Internet Protocol Version 5. So there is another protocol named I-P Internet Protocol. Was that true in 1995? Yes, Judge. All of the dates here? Yes, Judge. The reference pages that I just referred to are from RFC 1190, which is the secondary reference used as prior art in the ground of rejection. And what did you call it? I thought it was ST2. Yes, it is ST2. You said ST5. Yes. Let me clarify. It is ST2, which is Internet Protocol Version 5. Okay. So it is the second version of ST, but both ST and ST2 were considered Internet Protocol Version 5. The patent owner also argued that there is no disclosure of any Internet protocols except for I-P in their specification, but of course the specification, as has been discussed already this morning, refers to TCP I-P, and TCP, or Transmission Control Protocol, is another protocol also used on the Internet. So there's more than one Internet protocol even in their specification. There's TCP, which is also an Internet protocol. But isn't it well established that the I-P part of TCP I-P refers to Internet Protocol? Is there any dispute that the letters I-P and TCP I-P refers to Internet Protocol? No, there's not a dispute that you're correct. The I-P in the phrase TCP I-P refers to Internet Protocol. So you agree that that's a typographical error in the patent? We do not dispute that a person of ordinary skill in the art reading this would understand what had been meant. I think the issue I would take with the fact that there is this error in the patent is that it seems incongruous to define a term used in the claims to a very specific version of a very specific protocol that was not correctly identified in the specification when that kind of narrow construction requires unmistakable intent. And whether through acting as a lexicographer or through disclaimer, those ways of getting to a very specific interpretation of a claim require that the evidence, the intrinsic evidence, be very clear. And here it simply isn't. And the parent application, where I assume the spec was the same, actually claimed TCP I-P, didn't it? That is correct. So they knew how to claim TCP I-P, i.e. Internet Protocol from TCP I-P when they wanted to. They knew how to claim it because they had done so in the parent, hadn't they? You are correct, yes. Do you agree, by the way, that program meant protocol? Yes, we believe that what was intended there was protocol. And then Mr. Villegas also made the statement here this morning that at the time, as he said in 1995, setting aside the dispute about priority date, he said in 1995 that Internet Protocol was well known in the art to refer specifically and exclusively to version 4 of Internet Protocol used in conjunction with TCP. But that's not what they argued below to the board. If we look at appendix page 236, on page 236, they wrote, quote, at the time of the invention of the 247 patent, there is no generally accepted definition, i.e. ordinary and customary meaning of Internet Protocol. So, end quote. I'm a little bit confused there as to what. I take it you agree with that proposition. We would agree that lowercase Internet Protocol is a generic term and does not have a specific generally accepted definition at the time. How about if it was capitalized? I. If only the I. A small P. If it is capital I and small P, I think there's some ambiguity there and unclarity because Internet Protocol, as an accepted defined Internet standard, both the I and the P would be capitalized. How often in the patent did that small I Internet Protocol appeal? I do not recall whether small I Internet. I do recall. This is the only place you'll find it. What does that tell us? Judge, you're saying in the claim is the only place that the I is ever located? Or anywhere in the patent as near as I could find. It's the only place with a small I Internet Protocol. Does that tell us anything? To me it tells us that the intrinsic record alone is insufficient to figure out what the meaning of the claim was, and so the board was correct to then start looking at extrinsic sources and to see how terms either capitalized or not capitalized were used differently in the art. So it could very well have been a typographical error. The capitalization? Yes, of Internet at that point. It's the only place where they seem to have made that little I. Well, there has to have been a typographical error, right? Because nobody calls Internet Protocol, i.e., the one, capital I lower P. There has to have been a typographical error one way or the other. I'm not sure whether there was a typographical error with respect to the capitalization of the word Internet there in column 7 or not. I don't understand. You want capital I lower case P to be the IP protocol of TCPIP, correct? That is what the board found. And you support that position? We support that position. TCPIP, both the I and the P are capitalized, correct? Ordinarily, yes. In a proper name, I assume you capitalize both the first letter of your first name and the first letter of your last name, do you not? You are correct, yes. So there has to at least have been, under the very construction you seek, a typo here. Because to my knowledge, I've never seen a document or support for the notion that capital I lower case P is the Internet Protocol well known to be under the plain meaning anywhere. Is that right? When both are capitalized, there is no dispute that that refers to IPV4. Right, but when one is and one is not, I see no evidence in this record that supports that everyone would understand one being capitalized and one not being capitalized is nonetheless referring to the proper name of the TCPIP protocol. What about the fact that the specification itself says capital I Internet and then program, which everybody understands to be protocol, is not capitalized? The P is not capitalized, although the I is. That is correct. The specification refers to Transmission Control Protocol Internet Protocol, and in that phrase only the word Internet is capitalized and the rest of those words are lower case. I mean, it seems that it's sort of beyond dispute, but that this is a sloppily drafted patent. Because whichever position I adopt requires me to be willing to accept errors in the patent and correct them. So when you have a scenario like that, who ought to be faulted for it? Well, I believe that there is case law to suggest that the errors go to the drafter. Because they're the ones with the opportunity to make it clear. Yes, you're correct. There's a Latin phrase for that in the contract law, isn't there? There is. If my Latin were fresher, I might have it at the tip of my tongue. What if the claimant said the Internet Protocol? Would you have a different position? If the word the were there, we might have a different position. I don't know because it's not there. That's not an issue that was considered below. There was never a suggestion, well, the word the should be read into the claim text or something like that. That was never an argument raised. Regarding claim construction, I would point out, even if Patent Owner were to prevail on the claim construction issue and you agreed that this claim should refer to Internet Protocol Version 4, as they argue, there's still good evidence in the record that the prior art disclosed techniques for sending telephone transmissions using Internet Protocol. And even Patent Owner's own expert did some development work in testing with that. And at the time, he declared those tests successful in communicating a telephone conversation, I believe it was between Stockholm and London, using the capital I, Internet. So your position really is that all the fussing about the capitalization is irrelevant because you will win either way we look at it. Yes, that is correct. That for the court to do anything other than affirm, I believe the Patent Owner would have to prevail both on the claim construction issue and then under the substantial evidence test to find that there was insufficient evidence of the use of Internet Protocol Version 4 in the prior art, despite the fact that there's clearly evidence that I'm happy to discuss further showing the use of Internet Protocol Version 4 to transmit telephone conversations. Well, I think we have that in your brief. Is there anything else that you feel like you need to cover? I have no further topics. Thank you, Mr. Foster. Thank you. Mr. DeLagos. Let me restore two minutes of rebuttal time. Given his concession, you don't need to worry about what I... At least from... Like, you know... Yeah, the correct citation was at APPX 13, Your Honor. Apologies for the confusion. A few things. Do you agree that either way you lose? No, Your Honor. No, what... I thought you might make it easy for us. What my friend from Cisco did not say is that there has to be a construction of the term conversion because without a construction of the term conversion, the parties are talking across each other. As Your Honor pointed out, we say that... They say that conversion is a conversion from ST... Sorry, a voice... From voice to ST2 and then an encapsulation into IP4. We say that conversion is not that. I have no idea what you're talking about. Did I miss something in your brief where you appealed a construction of the word conversion? No, Your Honor, but the understanding of whether or not that term is present in the claims for purposes of invalidating the patent, you have to understand, well, what does that term mean? Because what we see here is... That sounds like claim construction. Figuring out what a word in a claim means sounds like claim construction, but you didn't appeal claim construction. Well, we didn't appeal... Neither party brought up the issue of conversion, Your Honor. You're correct. However... So we can do whatever we want with it. Yes, you can. But that doesn't change the fact that we have our position, which says that conversion is not conversion plus encapsulation. That is not conversion. They say it is. And so the fundamental question is, well, what is conversion? Now, whether or not that was briefed in terms of is that a claim construction issue or not doesn't really answer the question, because at some point, this Court will have to understand, well, what does conversion necessarily mean? Because otherwise the parties are talking across each other, and there's no way to determine whether or not that particular claim element is disclosed in the ST-ST2 combination, in other words, the RFC 1190 and the Weinstein. A little bit of back story, I think, would help an understanding. Well, we are beyond our time, so I don't think we have time for back story. But if you have a final concluding thought, we're happy to hear it. Your Honor, no, but to the conversion, even if it was not briefed as a claim construction issue, it is still something that needs to be understood to properly understand the case. I thank both parties for their argument. This case is taken under submission.